# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**RICHARD THORNTON**  **PLAINTIFF**
**ADC #131254**

**V.**     **NO. 3:23-cv-49-DPM-ERE**

**SHARP DETENTION CENTER and**
**EDITH ELLIOTT**     **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.  Procedure for Filing Objections:

This Recommendation has been sent to United States District Chief Judge D.P. Marshall Jr. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Chief Judge Marshall can adopt this Recommendation without independently reviewing the record.

### II.  Discussion:

#### A.  Background

Plaintiff Richard Thornton, an inmate at the Sharp County Detention Center ("Detention Center"), filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. In his complaint, Mr. Thornton alleges that he has been incarcerated for

longer than mandated under his state-court criminal sentence. He explains that he was sentenced to serve five years in prison, but that he was only required to spend one-sixth of that sentence in custody. He complains that he has already served twelve months in custody and "believes" that county officials are holding him for other reasons. *Doc. 2 at 4*. He sues the Detention Center and Administrator Edith Elliott. Mr. Thornton requests that the Court order that he either be transferred to the Arkansas Division of Correction ("ADC") or released from custody.

B. **Standard**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In his complaint, Mr. Thornton requests that the Court either transfer him to the ADC or release him from custody. The Court cannot provide the relief that Mr. Thornton seeks in a civil action brought under 42 U.S.C. § 1983.

First, absent a constitutional violation associated with his housing assignment, Mr. Thornton does not have the option to choose his prison or unit. See *Manthey v. Sabol*, 80 Fed. Appx. 538, *1 (8th Cir. 2003) (unpub. per curiam) (citing *Olim v. Wakinekona*, 461 U.S. 238 (1983)). Mr. Thornton's sole ground for relief is that he has been held in custody for too long. He does not challenge his housing assignment on constitutional grounds or provide any basis for interfering with the ADC's broad discretion regarding his placement.[1] *Olim,* 461 U.S. 245-46, see also *Lyon v. Farrier,* 727 F.2d 766, 769 (8th Cir. 1984). Accordingly, injunctive relief directing the Detention Center or the ADC to transfer Mr. Thornton is not an available remedy.

Second, "[w]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, Mr. Thornton must pursue any challenge to the validity of his state conviction, continued imprisonment, or sentence in a federal habeas action, pursuant to 28 U.S.C. § 2254, *after* he has properly exhausted all of his available remedies in state court. *Id*. at 484, 499; see also 28 U.S.C. § 2254(b) and (c) (providing that a claim is

---

[1] According to information available on the ADC's website, Mr. Thornton is on the "Sharp County Waiting List." See https://apps.ark.org/inmate_info/search.php (last visited Feb. 24, 2023).

3

considered fully exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the fact and theoretical substance of this claim").

For both of these reasons, Mr. Thornton has failed to state a plausible constitutional claim under 42 U.S.C. § 1983.

### III. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Thornton's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Clerk of the Court be instructed to close this case.

3. The Clerk of the Court be instructed to provide Mr. Thornton a blank copy of a petition under 28 U.S.C. § 2254 for a writ of habeas corpus in the event Mr. Thornton would like to pursue a habeas action.

Dated this 27th day of February, 2023.

_____
UNITED STATES MAGISTRATE JUDGE